UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**JOHNATHAN BROWN**  **PLAINITFF**

**v.**  **CIVIL ACTION NO. 3:15-CV-P457-TBR**

**ROBERT WHITLOCK et al.**  **DEFENDANTS**

### MEMORANDUM OPINION

Plaintiff, Johnathan Brown, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, the complaint will be dismissed.

### I. SUMMARY OF CLAIMS

Plaintiff, an inmate at the Kentucky State Reformatory (KSR), sues Kentucky Correctional Industries plant manager Robert Whitlock, in his individual capacity, and, in their official capacities KSR Warden Aaron Smith and Commissioner LaDonna Thompson. Plaintiff alleges that on November 12, 2014, he was "assaulted" by Defendant Whitlock when he "(flung) threw paper work for Ky. Correctional Industries into my face and caused physical injury by inflicting a cut to the nose area." He alleges that Defendant Whitlock was in an "agitated state when he arrived at work." Plaintiff explains that he works in the "Tag plant" at KSR and that Defendant Whitlock is the plant manager. He also alleges that "Warden and Commissioner failed to take proper corrective measures of repetitive behavior of Whitlock."

Plaintiff further alleges that he filed a grievance related to this incident, but that the grievance failed to solve the problem. Among other documents attached to the complaint is a grievance form dated November 19, 2014, in which Plaintiff detailed the incident on

November 12, indicating that "papers and paperclip hit me in the nose inflicting a cut on my nose. So the problem is I was Assaulted." Other documents attached to the complaint indicate that the KSR Internal Affairs Unit conducted a formal investigation into the allegations against Defendant Whitlock, but that Plaintiff was dissatisfied because he was not informed of the result of the investigation and Defendant Whitlock was allowed to "return to work as though nothing happened." Plaintiff asks for monetary, punitive, and injunctive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The law has long been that "a violation of a federally secured right is remediable in damages only upon proof that the violation proximately caused injury." *Horn by Parks v.*

*Madison Cnty. Fiscal Court*, 22 F.3d 653, 659 (6th Cir. 1994); *see also Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305-08 (1986). In addition to the legal requirement of an "injury" in case law historically, Congress acted to further limit prisoner suits to only a specific kind of injury. Under the Prison Litigation Reform Act, lawsuits brought by institutionalized persons requires a "physical" injury in order to permit recovery: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Moreover, in interpreting this statute, courts have required that a prisoner have suffered an injury that is more than *de minimis*; injuries that are merely *de minimis* do not satisfy the requirement of § 1997e(e). *Flanory v. Bonn*, 604 F.3d 249, 254 (6th Cir. 2010).

Plaintiff does not allege that the cut on his nose required medical attention or caused him any ongoing problem. At most, Plaintiff has alleged a *de minimis* injury. *See, e.g.*, *Lockett v. Suardini*, 526 F.3d 866, 876 (6th Cir. 2008) (minor cuts do not support constitutional claim); *Jarriett v. Wilson*, 162 F. App'x 394, 401 (6th Cir. 2005) (holding that swelling, pain, and cramps in legs was only *de minimis* injury); *Corcetti v. Tessmer*, 41 F. App'x 753, 755 (6th Cir. 2000) (holding that two small bruises or minor cuts on a shoulder was a *de minimis* injury); *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (sore bruised ear, lasting for three days, was *de minimis* and not the requisite "physical injury"); *Harris v. Heyn*, No. 11-14741, 2011 WL 6309470, at *3 (E.D. Mich. Dec.15, 2011) ("Minor cuts are *de minimis* injuries."). Therefore, Plaintiff's claim related to the cut on his nose must be dismissed for failure to state a claim upon which relief may be granted under § 1915A(b)(1).

Moreover, Plaintiff's claims against Defendants Smith and Thompson, the KSR Warden and the Department of Corrections Commissioner, respectively, fail to state a claim. Plaintiff

simply alleges that these Defendants "failed to take proper corrective measures" regarding Defendant Whitlock's behavior. These Defendants cannot be liable simply by virtue of their supervisory positions, *i.e.*, as Warden and Commissioner. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 691 (1978); *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, to establish supervisory liability in a § 1983 action, "[t]here must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it. At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Bellamy*, 729 F.2d at 421. "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cnty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Consequently, the Court finds that Plaintiff has not stated a claim against Defendants Smith and Thompson.

### III. CONCLUSION

For the foregoing reasons, by separate Order, the Court will dismiss the instant action.

Date:

cc: Plaintiff, *pro se*
4413.009

4